TYLER B. AYRES (#9200)
AYRES LAW FIRM
12339 South 800 East, Suite 101.
Draper, UT 84020
Attorney for Plaintiff
Telephone:      (801) 255-5555
Fax:              (801) 255-5588

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
350 South Main Street, Room 150, Salt Lake City, UT 84101
Phone (801) 524-6100

| | |
|---|---|
| KEVIN IRONS,<br><br>        Plaintiff,<br><br>vs.<br><br>OFFICER NEIL SKOUGARD, in his official and individual capacities,<br><br>OFFICER ARNOLD VAN DUGTEREN, in his official and individual capacities,<br><br>SARGENT ARROWSMITH, in his official and individual capacities, and<br><br>CITY OF OGDEN, UTAH,<br><br>        Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No:<br><br>Judge: |

## COMPLAINT

NOW COMES Plaintiff Kevin Irons, by and through his attorney, Tyler B. Ayres and for his

Complaint against Defendants City Ogden, Utah, Officer Neil Skougard, Officer Arnold Van

Dugteren, and Sargent Arrowsmith and hereby demands a jury trial and states as follows:

## INTRODUCTION

1.  This is an action for money damages, declaratory, and injunctive relief brought pursuant to

    42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States

Constitution, and under the law of the State of Utah, against Officer Neil Skougard, an Ogden City Police Officer in his official and individual capacities, Officer Arnold Van Dugteren, an Ogden City Police Officer, in his individual and official capacities, Sargent Arrowsmith, an Ogden City Police Sargent, in his individual and official capacities, and against the City of Ogden, Utah.

2.  Plaintiff Kevin Irons alleges that Defendants Skougard and Van Dugteren executed an unreasonable search and seizure of his person and vehicle, assaulted and battered him by forcefully removing him from his vehicle, slamming him to the ground, arresting him, and physically restraining him with no cause. Plaintiff alleges that these constitutional violations were committed as a result of the policies and customs of the City of Ogden, and that the City of Ogden is liable under the theory of respondeat superior for the torts committed by Defendants Skougard and Van Dugteren.

## JURISDICTION AND VENUE

3.  This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over plaintiff's causes of action arising under the Utah state law pursuant to 28 U.S.C. § 1367.

4.  Venue lies in the United States District Court for the District of Utah because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Weber County, Utah. 28 U.S.C. § 1391(b)(2).

5.  Defendants are subject to personal jurisdiction within this district.

## PARTIES

6. Plaintiff is Kevin Irons, a citizen of the United States and resides in the State of Utah, Weber County which is in this judicial district.

7. Defendant City Ogden, Utah is located in Weber County, Utah. It is a municipal corporation and the public employer of Defendants Skougard, Van Dugteren, and Arrowsmith.

8. Defendant is Officer Neil Skougard, who at all times relevant to this complaint was a police officer with the City of Ogden.  He is sued in his official and individual capacities.

9. Defendant is Officer Arnold Van Dugteren, who at all times relevant to this complaint was a police officer with the City of Ogden.  He is sued in his official and individual capacities.

10. Defendant is Sargent Arrowsmith, who at all times relevant to this complaint was a police officer with the City of Ogden.  He is sued in his official and individual capacities.

11. Defendants are persons under the meaning of 42 U.S.C. §1983 and are located in this judicial district.  Defendants serve the citizens of this judicial district, and while preforming their official duties, they act under the color of law.

## GENERAL ALLEGATIONS

12. On or about June 7, 2013 at 8:34 PM, Plaintiff was stopped by Skougard while traveling on Harrison Blvd in Ogden City.

13. Skougard approached the vehicle and Plaintiff rolled his window down a sufficient distance for him and Skougard to converse.

14. Skougard demanded that Plaintiff role his window down further, but Plaintiff insisted that he could hear the officer just fine.

15. Skougard placed his nose in the window and inhaled for the purpose of fabricating a non-existent smell of alcohol.

16. Skougard called Van Dugteren for backup.

17. Van Dugteren interviewed Plaintiff and also placed his nose in the window and inhaled for the purpose of fabricating a non-existent smell of alcohol.

18. Van Dugteren insisted that Plaintiff get out of his vehicle.

19. Plaintiff, feeling unsafe, declined to exit the vehicle.

20. Van Dugteren then called his Sargent, Arrowsmith, to seek advice.

21. Van Dugteren was instructed by Arrowsmith, his supervisor, that he could break Plaintiff's window and drag him from his vehicle.

22. Van Dugteren then used a punch tool to break Plaintiff's car window and he and Skougard forcefully dragged Plaintiff from the vehicle.

23. Van Dugteren then grabbed Plaintiff from behind, performed a leg sweep and let Plaintiff fall to the pavement face first.

24. Plaintiff suffered several injuries including lacerations to his face.

25. Plaintiff was treated on the scene by paramedics who both state that there was no smell of alcohol on Plaintiff's breath.

26. No alcohol was found on a search of Plaintiff's vehicle or person.

27. Plaintiff was taken to Weber County Jail and forced to submit to a blood draw which showed no alcohol in his system.  Indeed there were no intoxicants in his system at all.

## FIRST CLAIM FOR RELIEF

### *42 U.S.C. §1983 Against Defendants Skougard, Van Dugteren, and Arrowsmith*

28. Plaintiff re-alleges and incorporates by reference ¶¶ 1–27.

29. Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set forth above against Defendants Woods for violation of his constitutional rights under color of law.

## SECOND CLAIM FOR RELIEF

*Assault Against Defendants Skougard and Van Dugteren*

30.   Plaintiff re-alleges and incorporates by reference ¶¶ 1–29.

31.   Defendants Skougard and Van Dugteren assaulted Plaintiff by unlawfully arresting

Plaintiff under circumstances creating fear of imminent peril.

### THIRD CLAIM FOR RELIEF

*Battery Against Defendants Skougard and Van Dugteren*

32.   Plaintiff re-alleges and incorporates by reference ¶¶ 1–31.

33.   Defendants Skougard and Van Dugteren battered Plaintiff by intentionally and

offensively contacting Plaintiff's body when they shoved him to the ground, arrested

him and when they conducted a pat search without the requisite level of suspicion.

### FOURTH CLAIM FOR RELIEF

*42 U.S.C. § 1983 Against City of Ogden*

34.   Plaintiff re-alleges and incorporates by reference ¶¶ 1–33.

35.   Prior to June 7, 2013, the Ogden City Police Department developed and maintained

policies or customs exhibiting deliberate indifference to the constitutional rights of

persons in the City of Ogden, which caused the violation of Plaintiff's rights.

36.   It was the policy and/or custom of the Ogden City Police Department to fail to exercise

reasonable care in hiring its police officers, including Defendans Skougard, Van

Dugteren and Arrowsmith, thereby failing to adequately prevent constitutional

violations on the part of its police officers.

37.   It was the policy and/or custom of the Ogden City Police Department to inadequately

supervise and train its police officers, including Defendants Skougard, Van Dugteren,

and Arrowsmith, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

38.     As a result of the above described policies and customs, police officers of the City of Ogden, including Defendans Skougard, Van Dugteren and Arrowsmith, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

39.     The above described polices and customs demonstrate a deliberate indifference on the part of the City of Ogden to the constitutional rights of persons within the City of Ogden, and were the cause of the violations of Plaintiff's rights alleged herein.

## FIFTH CLAIM FOR RELIEF

### *Respondeat Superior of City of Ogden*

40.     Plaintiff re-alleges and incorporates by reference ¶¶ 1–39.

41.     Defendant City of Ogden is liable for the assault and battery committed against Plaintiff by Defendans Skougard and Van Dugteren. The City of Ogden employed the officers, who committed assault and battery while acting in the scope of their employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this court enter judgment against Defendants and provide the following relief:

   a.   Declaratory relief that by the conduct set forth above, Defendants violated the rights of Plaintiff secured by the United States Constitution;

   b.   Compensatory and special damages in whatever amount exclusive of costs and interest, that Plaintiff is found to be entitled;

c.  Punitive/exemplary damages against Defendants in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

d.  An award of interest, costs and reasonable attorney's fees as allowed by 42 U.S.C. §1983 and § 1988;

e.  Any and all other remedies provided pursuant to 42 U.S.C. §1983; and

f.  Such other and further relief as the court deems appropriate.

Dated this 8th day of August 2014

                                        Ayres Law Firm, P.C.
                                        Attorneys for Plaintiff


                              by:  s/ Tyler B. Ayres
                                        Tyler B. Ayres
                                        Attorney for Plaintiff
                                        Ayres Law Firm
                                        12339 South 800 East, Suite 101
                                        Draper, Utah 84020
                                        (801) 255-5555 Phone
                                        (801) 255-5588 Fax
                                        Tyler@AyresLawFirm.com