Stephen F. Noel  (7952)
**SMITH KNOWLES, P.C.**
2225 Washington Boulevard, Suite 200
Ogden, UT  84401
Telephone:	(801) 476-0303
Facsimile:	(801) 476-0399
Email:  snoel@smithknowles.com

*Attorney for Defendants Neil Skougard,*
*Arnold Van Dugteren, FNU Arrowsmith*
*and Ogden City*

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| KEVIN IRONS,<br><br>        Plaintiff,<br><br>vs.<br><br>NEIL SKOUGARD, ARNOLD VAN DUGTEREN, FNU ARROWSMITH, and CITY OF OGDEN<br><br>        Defendants. | **DEFENDANTS' ANSWER TO COMPLAINT**<br><br><br>Case No. 1:14cv00104<br>Judge:  Furse |

COME NOW Defendants **NEIL SKOUGARD, ARNOLD VAN DUGTEREN, FNU ARROWSMITH, and OGDEN CITY** ("Defendants"), by and through their undersigned attorney Stephen F. Noel of SMITH KNOWLES, P.C., and hereby answer Plaintiff's Complaint and Jury Demand ("Complaint") as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

1. In answer to the Introduction and paragraph 1 of Plaintiff's Complaint, Defendants deny the Introduction on the basis that it does not constitute express and/or proper allegations which may be, or are required to be, answered by these Defendants; and further admit that the named police officers were employed by Ogden City at the time of the events alleged in Plaintiff's Complaint. Defendants deny all remaining allegations of said paragraph.

2. With respect to paragraph 2 of Plaintiff's Complaint, Defendants admit that Officers Skougard and Van Dugteren were acting in their capacities as police officers employed by Ogden City on the day of the alleged events, but deny all remaining allegations of said paragraph.

3. With respect to paragraph 3 of Plaintiff's Complaint, Defendants admit that jurisdiction is properly placed in this Court. All remaining allegations of said paragraph are denied.

4. Defendants admit the allegations in paragraph 4 of Plaintiffs' Complaint.

5. Defendants admit the allegations in paragraph 5 of Plaintiffs' Complaint.

6. Defendants are without sufficient information to either admit or deny the allegations in paragraph 6 of Plaintiff's Complaint, and therefore deny the same.

7.      With respect to paragraph 7 of Plaintiff's Complaint, Defendants admit that Ogden City is a municipal corporation located in Weber County, Utah, and that at the time of the events alleged in Plaintiff's Complaint, Defendants Skougard, Van Dugteren and Arrowsmith were employed by Ogden City.  Defendants deny all remaining allegations of said paragraph.

8.      With respect to paragraph 8 of Plaintiff's Complaint, Defendants admit that Officer Skougard was a police officer employed by Ogden City at the time relevant to Plaintiff's Complaint.  Defendants deny all remaining allegations of said paragraph.

9.      With respect to paragraph 9 of Plaintiff's Complaint, Defendants admit that Officer Van Dugteren was a police officer employed by Ogden City at the time relevant to Plaintiff's Complaint.  Defendants deny all remaining allegations of said paragraph.

10.     With respect to paragraph 10 of Plaintiff's Complaint, Defendants admit that Officer Arrowsmith was a police officer employed by Ogden City at the time relevant to Plaintiff's Complaint.  Defendants deny all remaining allegations of said paragraph

11.     With respect to paragraph 11 of Plaintiff's Complaint, Defendants admit they were acting as police officers employed by Ogden City, and as officers act under color of certain laws depending upon the situation.  All remaining allegations of said paragraph are denied.

12.     Defendants admit the allegations in paragraph 12 of Plaintiff's Complaint.

13.     With respect to paragraph 13 of Plaintiff's Complaint, Defendants admit that Skougard approached the vehicle and Plaintiff rolled his window down only partially.  All remaining allegations of said paragraph are denied.

14. Defendants admit the allegations in paragraph 14 of Plaintiff's Complaint.

15. With respect to paragraph 15 Plaintiff's Complaint, Defendants admit Skougard placed his nose next to the open portion of the window and inhaled, but deny all remaining allegations.

16. Defendants admit paragraph 16 of Plaintiff's Complaint.

17. With respect to paragraph 17 Plaintiff's Complaint, Defendants admit Van Dugteren interviewed Plaintiff and placed his nose next to the open portion of the window and inhaled, but deny all remaining allegations.

18. With respect to paragraph 18 of Plaintiff's Complaint, Defendants admit that Plaintiff was instructed by Van Dugteren and Skougard to exit the vehicle. All remaining allegations are denied.

19. With respect to paragraph 19, Defendants admit that Plaintiff refused to exit his vehicle, but deny all remaining allegations of said paragraph.

20. Defendants admit the allegations in paragraph 20 of Plaintiff's Complaint.

21. With respect to paragraph 21 of Plaintiff's Complaint, Defendants admit that they received permission or advice to use a punch tool to break the window that the Plaintiff refused to roll down and to remove the plaintiff from the vehicle. Defendants all other allegations of said paragraph.

22. With respect to paragraph 22 of Plaintiff's Complaint, Defendants admit Van Dugteren broke Plaintiff's car window, and then Van Dugteren and Skougard removed Plaintiff from his vehicle. All remaining allegations are denied.

23. With respect to paragraph 23 of Plaintiff's Complaint, Defendants admit that Skougard and Van Dugteren used standard techniques to take Plaintiff to the ground and that due Plaintiff's large size and active resistance, Skougard and Van Dugteren were unable to control Plaintiff's decent to the ground leading with his torso and or facial areas. All remaining allegations of paragraph 23 are denied.

24. With respect to paragraph 24 of Plaintiff's Complaint, Defendants admit Plaintiff had one minor laceration to his face, for which Plaintiff refused treatment. All remaining allegations of said paragraph are denied.

25. With respect to paragraph 25 of Plaintiff's Complaint, Defendants deny Plaintiff was treated on scene, and affirmatively allege Plaintiff refused treatment by the paramedics. Defendants are without sufficient information to either admit or deny what the paramedics observed, and therefore deny the remaining allegations of said paragraph.

26. Defendants deny the allegations of paragraph 26 of Plaintiff's Complaint.

27. With respect to paragraph 27 of Plaintiff's Complaint, Defendants admit that Plaintiff was taken to the Weber County Jail and a blood sample was obtained from Plaintiff. Defendants affirm that the toxicology reports speak for themselves, and in so doing deny any

alleged or implied interpretations of the same, and on that basis only deny the remaining allegations of said paragraph.

28.    Defendants incorporate herein their answers to paragraphs 1 through 27 of Plaintiff's Complaint as set forth above.

29.    With respect to paragraph 29 of Plaintiff's Complaint, a Defendant "Woods" is named in the allegation. Accordingly, this allegation is not directed to these Defendants or any defendants in the case and the same is therefore denied and without merit. Even is said allegations were expressly alleged against one or more of the actual Defendants, they would be denied by the same.

30.    Defendants incorporate herein their answers to paragraphs 1 through 29 of Plaintiff's Complaint as set forth above.

31.    Defendants deny the allegations in paragraph 31 of Plaintiff's Complaint.

32.    Defendants incorporate herein their answers to paragraphs 1 through 31 of Plaintiff's Complaint as set forth above.

33.    Defendants deny the allegations in paragraph 33 of Plaintiff's Complaint.

34.    Defendants incorporate herein their answers to paragraphs 1 through 33 of Plaintiff's Complaint as set forth above.

35.    Defendants deny the allegations in paragraph 35 of Plaintiff's Complaint.

36.    Defendants deny the allegations in paragraph 36 of Plaintiff's Complaint.

37.    Defendants deny the allegations in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations in paragraph 39 of Plaintiff's Complaint.

40. Defendants incorporate herein their answers to paragraphs 1 through 39 of Plaintiff's Complaint as set forth above.

41. With respect to paragraph 41 of Plaintiff's Complaint, Defendants admit Officers Skougard, Van Dugteren, and Arrowsmith were employed by Ogden City, but deny all remaining allegations of said paragraph.

42. Defendants deny Plaintiff's Prayer for Relief generally and paragraphs "a" through "f" thereof specifically.

## THIRD AFFIRMATIVE DEFENSE

Defendants deny all allegations of Plaintiff's Complaint not specifically and expressly admitted herein.

## FOURTH AFFIRMATIVE DEFENSE

Defendants hereby incorporate all other affirmative defenses that may be alleged by any other parties to this lawsuit to the extent that said affirmative defenses do not create or increase liability to these Defendants, or waive rights enjoyed by these Defendants.

## FIFTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction because Defendants did not violate Plaintiff's constitutional rights.

### SIXTH AFFIRMATIVE DEFENSE

Defendants did not violate any clearly-established, particularized, constitutional, statutory or common-law right or privilege of Plaintiff and are, therefore, qualifiedly immune.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants generally, and the individual Defendants specifically, acted in good faith, at all relevant times acted or failed to act without malice, fraud or willful misconduct, and their acts were justified and reasonable under the circumstances, providing Defendants with immunity under U.C.A. § 63G-7-202(3) and (4).

### EIGHTH AFFIRMATIVE DEFENSE

Defendants are not liable under 42 U.S.C. § 1983 based on *respondeat superior* or any other theory of supervisory or derivative liability.

### NINTH AFFIRMATIVE DEFENSE

Any constitutional violation that allegedly occurred was not the result of a deliberately indifferent hiring, supervisory or training policy of Ogden City.

### TENTH AFFIRMATIVE DEFENSE

Defendants are entitled to Sovereign Immunity, Qualified Immunity, and Governmental Immunity, and Plaintiff's claims are barred by the same.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants are absolutely immune from any claims and those claims are barred by the Governmental Immunity Act of Utah, including, but not limited to, Utah Code Ann. §§ 63G-7-

101, 201, 202, 301, 401, 402, 501, 601, 603, 604 and 702, and further by Plaintiff's failure to comply with the appropriate provisions of that Act, including but not limited to Utah Code Ann. §§ 63G-7-401, 402, 403 and 601.  Accordingly, the Court lacks personal jurisdiction over Defendants with respect to any state law claims.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants' potential liability for any state law claims is limited to the maximum sum provided by § 63G-7-604 of the Governmental Immunity Act of Utah.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants did not act, or fail to act, through fraud or willful misconduct, as required by Utah Code Ann. § 63G-7-202.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any injury or damage Plaintiff sustained was caused or contributed to by Plaintiff's own actions, which equals or exceeds that of Defendants, if any, thus barring recovery pursuant to Utah Code Ann. § 78B-5-817 through 78B-5-823.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages, and thus, any potential recovery must be reduced or barred.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against Defendants is barred generally, and specifically by, *inter alia*, the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States

Constitution, federal common law, Article I, Sections 7 and 10 of the Utah Constitution and the Governmental Immunity Act of Utah § 63G -7-603.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to file a proper and timely notice of claim.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to allege, much less establish, any connection or link between Plaintiff's alleged constitutional deprivation and any policy or custom, including lack of training/supervision of Ogden City, its police department and any supervisors thereof. Accordingly, *Monell* mandates dismissal of Plaintiff's Complaint.

Wherefore, having fully answered Plaintiff's Complaint, Defendants demand that the same be dismissed and that they be awarded their costs and attorney's fees incurred herein.

DATED this 1st day of October, 2014.

        SMITH KNOWLES, P.C.
        /s/ Stephen F. Noel                                          .
        Stephen F. Noel
        Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2014, I filed the foregoing pleading electronically through the CM/ECF system.  I certify that on such date I served the foregoing pleading on the following parties by electronic means through the CM/ECF system:

Tyler B. Ayres
AYRES LAW FIRM
12339 South 800 East, Suite 101
Draper, UT 84020

   /s/   Shannon Hoopes_____
Shannon Hoopes
Legal Assistant