Tyler B. Ayres, Bar No. 9200
Stephen Tryon, Bar No. 13885
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555 Phone
(801) 255-5588 Fax
Tyler@AyresLawFirm.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JULIE CASTELLANO,<br><br>Plaintiff,<br><br><br><br>vs.<br>QUINN JAY ADAMSON,<br><br>Defendants. | **ATTORNEY'S PLANNING MEETING REPORT**<br><br>Case No. 2:14-cv-618-RJS-PMW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Paul M. Warner |

1. **PRELIMINARY MATTERS**:

    a.  The nature of the claims and affirmative defenses is: Plaintiff claims Defendant violated his constitutional rights and Defendant denies this allegation

    b.  This case is not referred to a magistrate judge

    c.  Pursuant to Fed. R. Civ. P. 26(f), the following parties conferred:

    Stephen Tryon, counsel for Plaintiff, and M. Reed Adams counsel for Defendant.

    d.  The parties do not request an initial pretrial scheduling conference with the court prior to entry of the scheduling order.

    e.  The parties will exchange by 2/16/15 the initial disclosures required by Rule 26(a)(1).

    f.    Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission.  Such electronic service will constitute service and notice of entry as required by those rules.  Any right to service by USPS mail is waived.

**2.** **DISCOVERY PLAN**:  The parties jointly propose to the court the following discovery plan:

    a.    Discovery is necessary on the following subjects:  *All facts relating to Plaintiff's claims and Defendant's defenses.*

    b.    Discovery Phases.
*Fact discovery will occur first, followed by expert discovery.*

    c.    Designate the discovery methods to be used and the limitations to be imposed.

        (1)    *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

        Oral Exam Depositions

        Plaintiff(s) 10

        Defendant(s) 10

        Maximum no. hrs. per deposition 7

        (2)    *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

        Interrogatories 25

        Admissions Unlimited

        Requests for production of documents Unlimited

        (3)    Other discovery methods:  *None.*

    d.    Discovery of electronically stored information should be handled as follows: *As agreed by the parties.*

    e.    The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: *As set forth in Fed. R. Civ. P. 26.*

**3.** **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

    a.    The cutoff dates for filing a motion to amend pleadings are:  *specify date*

      Plaintiff(s) 5/30/15     Defendant(s) 5/30/15

b.    The cutoff dates for filing a motion to join additional parties are: *specify date*

      Plaintiff(s)_5/30/15     Defendants(s) 5/30/15

*(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed.R.Civ.P. 15(a)).*

**4.   EXPERT REPORTS:**

Reports from experts under Rule 26(a)(2) will be submitted on: *specify dates*

    Plaintiff: 9/30/15

    Defendant: 11/15/15

    Counter Reports: 12/15/15

**5.   OTHER DEADLINES:**

a.    Discovery cutoff:   Fact 8/30/2015     Expert 2/15/2016

b.    Deadline for filing dispositive or potentially dispositive motions and Daubert motions is 3/15/2016

**6.   ADR/SETTLEMENT:**

*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

a.    The potential for resolution before trial is:   ___ good   _x__ fair   ____ poor

**7.   TRIAL AND PREPARATION FOR TRIAL:**

a.    The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than 14 days provided by Rule).

b.    This case should be ready for trial by: *6/15/16*

    *Specify type of trial*:   Jury

c.    The estimated length of the trial is: *4 days*

/s/Stephen Tryon_____     Date: 2/5/15
Stephen Tryon, Plaintiff's Attorney

/s/M. Reed Adams_____     Date: 2/5/15
M. Reed Adams, Defendant's Attorney

## NOTICE TO COUNSEL

The Report of the Attorney Planning Meeting should be completed and filed with the Clerk of the Court twenty-one days before the date of the Initial Pretrial Conference.  A copy of the Proposed Scheduling Order on the court's official form should be submitted in word processing format by email to ipt@utd.uscourts.gov.  If counsel meet, confer, and
      (i)      file a stipulated Attorney Planning Meeting Report *and*
      (ii)     email a draft scheduling order in word processing format by email to
           ipt@utd.uscourts.gov
twenty-one days before the scheduled hearing, the Court will consider entering the Scheduling Order based on the filed Attorney Planning Meeting Report.

If the Hearing is held, counsel should bring a copy of the Attorney Planning Meeting Report to the Hearing.

In CM/ECF, this document should be docketed as Other Documents - Attorney Planning Meeting.

More information is available at
      http://www.utd.uscourts.gov/documents/ipt.html