Tyler B. Ayres, Bar No. 9200
Stephen G. Tryon, Bar No. 13885
Ayres Law Firm
12339 South 800 East, Suite 101
Draper, UT 84020
(801) 255-5555 Phone
(801) 255-5588 Fax
Tyler@AyresLawFirm.com

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEVIN IRONS,<br><br>    Plaintiff,<br><br>v.<br><br>NEIL SKOUGARD, ARNOLD VAN DUGTEREN, FNU ARROWSMITH, CITY OF OGDEN<br><br>    Defendants. | **JOINT MOTION FOR LEAVE TO AMEND SCHEDULING ORDER**<br><br>Case No. 1:14-cv-00104-EJF<br><br>Magistrate Judge Evelyn J. Payne |

The parties in the above-captioned action respectfully move this Court for leave to amend the scheduling order in this matter, extending the existing discovery cut off date by two months and adjusting the subsequent dates accordingly.

Plaintiff's counsel has recently experienced an unexpected and sudden reduction of three of its five staff members who were tasked with the discovery phases of this and several other active cases. Counsel has since hired two new staff members, one who is specifically assigned to this and many other cases that the other three staff members were handling. For those reasons, plaintiff requests just two additional months to conduct discovery, including taking the depositions of defendants.

The undersigned attorney for the Defendants is not privy to the challenges plaintiff's counsel has described, has no reason to disbelieve them, understands the challenges posed by private practice at times, and does not oppose this motion.

Defendants' also anticipate taking the deposition of plaintiff and possibly conducting further written discovery. The parties do not anticipate any further extensions at this time and stipulate to the following Amended Scheduling Order:

1. **DISCOVERY PLAN**:

    a. Oral Exam Depositions:

        Plaintiff(s) -10

        Defendant(s) -10

    b. Maximum Number of Hours for Each Deposition -7

    c. Maximum Interrogatories by any Party to any Party – 25

    d. Maximum Requests for Admissions by any Party to any Party - Unlimited

    e. Maximum Requests for Production of Documents by any Party to any Party – Unlimited

    f. Discovery of electronically stored information should be handled as follows: Documents will be printed and presented in hard copy.
    The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: Inadvertent disclosures will be governed by FRE 502(b).

    g. Close of Fact Discovery     10/29/15

2. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**[1]:

    a. The cutoff dates for filing a motion to amend pleadings are: *specify date*

        Plaintiff(s) 8/31/2015     Defendant(s) 8/31/15

    b. The cutoff dates for filing a motion to join additional parties are: *specify date*

        Plaintiff(s) 8/31/2015     Defendants(s) 8/31/15

3. **RULE 26(a)2 EXPERT REPORTS**:

    Reports from experts under Rule 26(a)(2) will be submitted on: *specify dates*

        Plaintiff(s) 12/2/15

        Defendant(s) 01/05/16

        Counter reports 02/05/16

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

5. **OTHER DEADLINES**:

    a.    Last day for Expert Discovery:    4/8/16

    b.    Deadline for filing dispositive or potentially dispositive motions and Daubert motions is 5/9/16

6: **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

The parties will complete Private Mediation/Arbitration by:  08/15/16

7. **TRIAL AND PREPARATION FOR TRIAL:**

    a.    Rule 26(a)3 Pretrial Disclosures[2]

|  |  |
|---|---|
| Plaintiff | 09/16/16 |
| Defendant | 09/23/16 |

    b.    Special Attorney Conference[3] on or before   10/06/16

        c.    Settlement Conference[4] on or before 10/06/16

        d.    Final Pretrial Conference    11/08/16

        e.    JURY TRIAL    11/29/16

                Length    4 days

---

[2] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) Disclosures.

[3] The Special Attorney Conference does not involve the Court.  Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case.  The paries should schedule witnesses to avoid gaps and disruptions.  The parties should mark exhibits in a way that does not result in duplication of documents.  The pre-trial order should include any special equipment or courtroom arrangement requirements.

[4] The Settlement Conference does not involve the Court unless the Court enters a separate order.  Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding a settlement is available in person or by telephone during the Settlement Conference.

**8.** **OTHER MATTERS:**

Counsel should contact chambers staff of the judge presiding in the case regarding Markman motions to determine the desired process for filing and hearing of such motions. Parties should file all such motions and Motions in Limine well in advance of the Final Pretrial.

DATED this __1__ day of September, 2015.

AYRES LAW FIRM


_____/s/_____
Tyler B. Ayres
Attorneys for Plaintiff

DATED this __1__ day of September, 2015.

SMITH KNOWLES


_____/s/_____
Stephen F. Noel